UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY LEE BRAGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CV-205-KAC-JEM ) |
| LT. MILLER and CC JOHNSON, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the Knox County Detention Facility, filed (1) a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 4]. On June 15, 2023, the Court entered an order that, among other things, (1) notified Plaintiff that he had not either (a) submitted the proper documents to proceed *in forma pauperis* or (b) paid the filing fee, as is required for this case to proceed; (2) directed the Clerk to send Plaintiff the relevant *in forma pauperis* form; and (3) gave Plaintiff thirty (30) days to return that form or pay the filing fee [Doc. 5 at 1-2]. The Court also warned that "**[i]f Plaintiff fails to fully and timely comply with this Order, the Court will presume that he is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution**" [*Id.* at 2]. Plaintiff has not complied with that Order or otherwise communicated with the Court. And the time to do so has long passed. For the reasons set forth below, the Court **DISMISSES** this action under Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), the Court may dismiss an action for a failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4

(6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court assesses four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, an analysis of those factors requires the Court to dismiss Plaintiff's action. First, Plaintiff's failure to timely comply with the Court's Order is due to his willfulness or fault because he received that Order but chose not to comply. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not yet been served. Third, as noted above, the Court expressly warned Plaintiff that failure to timely comply with the Order would result in dismissal of this action [*See* Doc. 5 at 2]. Finally, alternative sanctions are not warranted because Plaintiff failed to comply with the Court's clear instructions, and he has made no other attempts to proceed with this action. On balance, these factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's clear Order. And Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

2

Accordingly, Plaintiff is **ASSESSED** the filing fee of $402.00, and the Court **DISMISSES** this action. The Clerk **SHALL** provide a copy of this Memorandum Opinion and Order to the Court's financial deputy and Plaintiff's custodian. This Order **SHALL** be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id*.

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
